# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 7, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD E. EADS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1102** (BOR Appeal No. 2048334)
                      (Claim No. 970056589)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**WILDERNESS MINING COMPANY, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Richard E. Eads, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 26, 2013, in which the Board affirmed an April 23, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 19, 2012, decision denying Mr. Eads's request for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Eads worked as a mine foreman for Wilderness Mining Company. On March 28, 1997, Mr. Eads injured his knees while pulling on a water hose. The claims administrator initially granted Mr. Eads a 20% permanent partial disability award for his left knee condition. However, after a course of litigation, Mr. Eads's award was increased to 51% to account for the impairment in both his knees. This increased award was based on an evaluation by Yogesh Chand, M.D. Mr. Eads was also granted a 1% permanent partial disability award for a laceration to his right little finger and a presumptive 5% permanent partial disability award for occupational pneumoconiosis. Based on these injuries, Mr. Eads filed an application for permanent total disability benefits, alleging that he had a sum of 57% in prior permanent partial disability awards. Mr. Eads's application was submitted to Jerry W. Scott, M.D., who determined that Mr. Eads had 20% whole person impairment under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) related to each of his knees. Dr. Scott based this determination on finding that Mr. Eads had total knee replacements in both knees but had fair recovery results from both surgeries.

The Permanent Total Disability Reviewing Board evaluated Mr. Eads and determined that he had a combined 36% whole person impairment rating related to his knee injuries based on Dr. Scott's assessment. It then combined the percentage for Mr. Eads's bilateral knee impairment with a 1% whole person impairment rating for his little finger laceration. The Reviewing Board found that Mr. Eads had 37% whole person impairment related to his occupational injuries. It did not include any impairment for occupational pneumoconiosis in this calculation because his 5% award was presumptive and there was no evidence of impairment related to the condition. On September 19, 2012, the claims administrator denied Mr. Eads's application for permanent total disability benefits because he had not met the 50% whole person impairment threshold. On April 23, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on September 26, 2013, leading Mr. Eads to appeal.

The Office of Judges concluded that Mr. Eads did not meet the 50% whole person impairment threshold necessary to sustain his permanent total disability benefits application. In reaching this determination, the Office of Judges relied on the final recommendation of the Reviewing Board. The Office of Judges determined that Dr. Scott's evaluation, which formed the basis of the Reviewing Board's findings, was reliable. The Office of Judges found that Mr. Eads did not present any evidence that he had suffered a higher whole person impairment rating. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Mr. Eads argues that he is entitled to further consideration of his permanent total disability benefits application because he has been granted greater than a sum of 50% in prior permanent partial disability awards. Mr. Eads argues that there is no statutory basis for requiring that he suffer 50% whole person impairment.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Eads has not demonstrated that he suffered 50% whole person impairment as a result of his occupational injuries as required under West Virginia Code § 23-4-6(n)(1) (2005). Mr. Eads is not entitled to any additional consideration of his permanent total disability benefits

application. The evaluation of Dr. Scott is the most relevant and reliable evidence of Mr. Eads's whole person impairment in the record. The Office of Judges and the Reviewing Board properly relied on his impairment finding. Although Mr. Eads has presented a significant amount of evidence that he has been granted more that 50% in permanent partial disability awards, this evidence is not relevant in determining whether he has suffered 50% whole person impairment as a result of his occupational injuries. Mr. Eads's argument on appeal is inconsistent with the plain language of West Virginia Code § 23-4-6(n)(1).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II